UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ATOM J. SMITH,

        Plaintiff,

        v.                           Case No. 25-cv-451-bhl

SABRINA NEHR, et al.,

        Defendants.

---

## ORDER

---

Plaintiff Atom J. Smith, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915. Dkt. Nos. 1 & 7. On April 4, 2025, the Court directed Smith to pay an initial partial filing fee of **$22.40** within 30 days, if he wanted to proceed with this case. Dkt. No. 11. On April 11, 2025, Smith filed a motion for a 45-day extension of time to pay the initial partial filing fee. Dkt. No. 13. Smith states that he has little income and is in the process of reaching out to his "resources in the community" to pay the initial partial filing fee. *Id*. Smith's explanation provides sufficient good cause for an extension and the Court will grant the motion. The deadline to pay will be extended to **June 18, 2025**.

Smith has also filed numerous other motions. Dkt. Nos. 3, 4, 6, & 12. On March 28, 2025, Smith filed a "motion for extension of time" (even though he had no pending deadlines at the time) and a motion to appear by telephone/video. Dkt. Nos. 3 & 4. On March 31, 2025, Smith filed an *unsigned* motion to appoint counsel. Dkt. No. 6. On April 8, 2025, Smith filed a (signed) second

motion to appoint counsel using what appears to be a Wisconsin state court document to "petition for appointment of an attorney" in a criminal case. Dkt. No. 12.

These motions will all be denied. Smith had no pending deadlines at the time he filed his first motion for extension of time; and he has no need to appear by telephone/video in this case at this time. Therefore, the Court will deny those motions as unnecessary. With respect to the signed and unsigned motions to appoint counsel, it is far too early in the case to determine if the issues in the case are too complex for him to handle on his own. *See Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019) (noting that, in situations where a plaintiff files a motion to appoint counsel in the early stages of the case, it is often "impossible to tell" whether the plaintiff could represent himself adequately). Until the Court reviews and screens the complaint, both the complexity of the case and Smith's ability to represent himself adequately are unclear. Based on Smith's filings thus far, the Court has no concerns about his ability to communicate with the Court in writing or advocate for himself. Therefore, the Court will deny the motions to appoint counsel without prejudice.

Finally, the Court notes that Smith has filed three "supplements" to his complaint. *See* Dkt. Nos. 5, 14, & 15. But the proper way to add defendants or claims to this case is to file an Amended Complaint that includes all of the facts, claims, and defendants that Smith wishes to proceed on in one document. *See* Fed. R. Civ. P. 15(a); *see* Civ. L. R. 15(a) (E.D. Wis.). Smith cannot "supplement" his complaint with new claims and defendants each time he recalls a new grievance. If Smith wishes to add defendants or claims, he may file an Amended Complaint in a timely manner. The Amended Complaint must bear the docket number assigned to this case and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the

appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id*.

**IT IS THEREFORE ORDERED** that Smith's motion for extension of time to pay the initial partial filing fee (Dkt. No. 13) is **GRANTED**. The deadline to pay is extended to **June 18, 2025**.

**IT IS FUTHER ORDERED** that Smith's motion for extension of time and motion to appear by telephone/video (Dkt. Nos. 3 & 4) are **DENIED as unnecessary**.

**IT IS FUTHER ORDERED** that Smith's motions to appoint counsel (Dkt. Nos. 6 & 12) are **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on April 18, 2025.

                                            s/ *Brett H. Ludwig*
                                            BRETT H. LUDWIG
                                            United States District Judge